Shi v. Holder

BIA
Balasquide, IJ
A099 928 477

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of September, two thousand eleven.

PRESENT:
> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

GUO JIAN SHI,
> *Petitioner,*

v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

10-2090-ag

NAC

_____

FOR PETITIONER:      James Costo, Brooklyn, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Leslie McKay, Assistant Director; Sara J. Bergene, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Guo Jian Shi, a native and citizen of China, seeks review of a May 12, 2010, decision of the BIA affirming the May 29, 2008, decision of Immigration Judge ("IJ") Javier Balasquide denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guo Jian Shi*, No. A099 928 477 (B.I.A. May 12, 2010), *aff'g* No. A099 928 477 (Immig. Ct. N.Y. City May 29, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the IJ's decision minus the arguments for denying relief that were not relied upon by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As an initial matter, we lack jurisdiction to review the agency's denial of CAT relief because Shi failed to challenge the IJ's denial of CAT relief in his appeal to the BIA. *See*

-2-

8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).

As to asylum and withholding of removal, the agency reasonably concluded that Shi failed to demonstrate that he suffered persecution or had a well founded fear or faced a likelihood of persecution on account of his "other resistance" to China's family planning policy. Shi was not *per se* eligible for asylum or withholding of removal solely on the basis of his wife's forced abortion, but he could have qualified for relief by demonstrating that: (1) he engaged in "other resistance" to the family planning policy; and (2) he suffered harm rising to the level of persecution or has a well-founded fear of suffering such harm as a direct result of his resistance. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-310, 313 (2d Cir. 2007).

The agency reasonably found, however, that the harms Shi allegedly suffered on account of his resistance to China's family planning policy did not constitute persecution, as Shi experienced only a single incident of physical mistreatment by family planning officials, was not arrested or detained at the time, and did not suffer any lasting physical effects from the mistreatment. *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (holding that "the difference between

harassment and persecution is necessarily one of degree that must be decided on a case-by-case basis"); *Jian Qui Liu v. Holder*, 638 F.3d 820, 822 (2d Cir. 2011) (holding that a minor beating by family planning officials prior to arrest and detention by police, and carried out without any intention to arrest or detain, need not constitute persecution).

In addition, the agency reasonably determined that the fine imposed on Shi and his wife for their violation of the family planning policy did not constitute persecution, as Shi ultimately paid the fine and did not argue or present evidence of any economic disadvantage or deprivation suffered as a result of the fine. *See Matter of T-Z-*, 24 I. & N. Dec. 163, 170-71 (BIA 2007) (defining persecution as including "the deliberate imposition of a severe economic disadvantage or the deprivation of liberty, food, housing, employment or other essentials of life."); *see also Guan Shao Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 67 (2d Cir. 2002) (requiring at least a showing of a "deliberate imposition of a substantial economic disadvantage").

Furthermore, the agency did not err in concluding that Shi failed to demonstrate his eligibility for relief based on a threat of future sterilization, as the agency reasonably concluded that background materials in the record did not

establish the use of forced sterilization in Shi's home province of Fujian. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 160-61, 169-70 (2d Cir. 2008); *Siewe v. Gonzales*, 480 F.3d 160, 167-68 (2d Cir. 2007) (Holding that "[w]here there are two permissible views of the evidence, the fact-finder's choice between them cannot be clearly erroneous" and a "reviewing court must defer to that choice so long as the deductions are not illogical or implausible") (internal quotations and citations omitted).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk